# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **COLUMBUS, GEORGIA,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. |
| | : | 4:06-cv-81 (HL) |
| **ORBITZ, INC. and ORBITZ, LLC,** | : | |
| **Defendants.** | : | |

## ORDER

Defendants removed this matter from the Superior Court of Muscogee County on July 12, 2006, alleging diversity as the basis for federal jurisdiction. Plaintiff filed a Motion to Remand (Doc. 11) on August 11, 2006, arguing the Court lacks subject matter jurisdiction over this action. For the reasons expressed herein, Plaintiff's Motion is granted.

**I. SUBJECT MATTER JURISDICTION AND REMAND**

Federal courts have limited jurisdiction and possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down as of September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the Court to retain jurisdiction. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Because it is apparent from the Notice of Removal that this case is between citizens of different states and that complete diversity is present here, the Court will not discuss the issue of citizenship further. Thus, the issue becomes the amount in controversy, on which the parties do not agree.

When an action is originally filed in federal court, it is generally a plaintiff's burden to allege, with particularity, the facts necessary to establish jurisdiction, Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000); however, when a defendant seeks to remove an ongoing case from state court to federal court, the defendant bears the burden of proving that federal jurisdiction exists, Williams v. Best Buy Co., Inc., 269 F.3d 1316,1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). As this case was originally filed in state court, the burden of proving jurisdiction lies with Defendants.

## II. DEFENDANTS' BURDEN

Where a plaintiff makes an "unspecified demand for damages" in a state court complaint, a defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In contrast,

where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below[$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

Defendants argue that the preponderance of the evidence standard is applicable because (1) "Plaintiff is far from certain as to the specific amount of damages it seeks" (Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand 2); (2) Plaintiff "uses the $74,500 figure to side-step federal jurisdiction without limiting the amount of damages it will eventually seek" (Id. at 4); and (3) Plaintiff's figure "is entirely unsupported and speculative." (Id.)

First, contrary to Defendants' assertion, Plaintiff need not specify an exact amount down to the penny for the legal certainty standard to apply. In Burns, the United States Court of Appeals for the Eleventh Circuit held that the legal certainty standard was applicable where the complaint requested "such sum as the jury determines to be just, lawful and fair, but not more than $45,000.00." 31 F.3d at 1094, 1097. In this case, Plaintiff requested "judgment in its favor and against Defendants, the total for all Defendants on all counts, including statutory penalties and interest, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (Compl. 26.) The language utilized in Burns is no more certain or specific than the language utilized by Plaintiff in this case. Therefore, Plaintiff's failure to provide with certainty the exact amount of damages it seeks does not mandate the use of a preponderance of the evidence

standard.

Second, Plaintiff is not required to limit the amount of damages it will eventually seek in order to have the case remanded to state court. This issue was specifically addressed by the Eleventh Circuit in Burns. In Burns, a district court denied a plaintiff's motion to remand because she refused to agree to never seek more than $49,999.[2] 31 F.3d at 1094. On appeal, the Eleventh Circuit vacated the order and held that a plaintiff seeking remand was not required to agree to recover no more than the jurisdictional amount. Id. at 1095, 1096. Instead, the court placed the burden on the defendant attempting to remain in federal court and required a showing that an award below the jurisdictional amount would be outside the range of permissible awards should plaintiff ultimately prevail. Id. at 1096. Therefore, according to Burns, Plaintiff's reluctance to limit the amount of damages it will eventually seek is irrelevant.

Third, Plaintiff is under no obligation to affirmatively support its figure. When a case filed in state court is removed to federal court, the burden of proving jurisdiction clearly lies with the removing defendant. Williams, 269 F.3d at 1319. Plaintiff is under no obligation to submit evidence proving the validity of the relief requested. Defendants are attempting to invoke federal jurisdiction, and Defendants are responsible for proving federal jurisdiction.

---

[2]At the time, the amount in controversy required to obtain diversity jurisdiction was any sum over fifty thousand dollars.

4

In this case, Plaintiff asks for "judgment in its favor and against Defendants, the total for all Defendants on all counts, including statutory penalties and interests, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (Compl. 26.) Therefore, the Complaint in this case specifies a damage amount and the legal certainty standard is applicable. Accordingly, Defendants must make an affirmative showing that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." Burns, 31 F.3d at 1096.

**III. AMOUNT IN CONTROVERSY**

Having determined the proper burden, the Court now turns to the specific evidence provided in this case. Defendants first assert that Plaintiff's alleged damage figure fails to consider the value of the various equitable relief it seeks. According to Defendants, because the damages alleged nearly reach the jurisdictional limit, this Court should have no trouble finding that the additional claimed items of recovery - namely, all equitable relief requested - satisfy the amount in controversy. The Court does not agree.

Plaintiff's Complaint asserts six specific counts: (1) Declaratory Judgment, (2) Preliminary and Permanent Injunction, (3) Violations of Occupancy Tax Law and Ordinances, (4) Unjust Enrichment, (5) Constructive Trust, and (6) Equitable Accounting. (Compl. 17, 20, 22, 24, 25, 26.) As noted above, Plaintiff requests "judgment in its favor and against Defendants, the total for all Defendants on all counts, including statutory

penalties and interests, not to exceed Seventy Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (Id. at 26.) Therefore, according to the Complaint, the $74,500 figure includes damages flowing from all six counts, including those counts requesting equitable relief. As Plaintiff's $74,500 dollar figure specifically includes the value of the equitable relief requested, there are no additional claimed items of recovery to satisfy the amount in controversy.

Defendants next assert that the value of all past and future taxes allegedly due to Plaintiff exceeds the jurisdictional requirement. To support this assertion, Defendants submit the Declaration of Jeff Grant, the Vice President of Hotels for Defendant Orbitz, LLC. Mr. Grant states he is "familiar with information maintained by Orbitz, LLC related to bookings for hotel reservations" and concludes that should Plaintiff prevail the damages recovered would be greater than $75,000. (Supplemental Decl. of Jeff Grant 1.) Mr. Grant explains,

> [i]n reaching my conclusion I looked at Orbitz markup and fee revenue data in the Columbus, Georgia region for the years 2004, 2005 and 2006. I then calculated 7% of Orbitz' room markup plus fees - the amount of tax plaintiff claims to which it is entitled. For those years, these numbers were $5,457, $8,810, and $6,473 (year to date) respectively. Based on conservative forward projections, I projected that markup plus fee revenue in Columbus, Georgia would grow by an average of 15% per year for the years 2007, 2008, and 2009. Based on that projection, plaintiff - if it prevails on the merits of its allegations - would be entitled to $78,906 in relief by the year 2009. I am attaching a chart summarizing this analysis at Exhibit B.

(Id. at 2.) The chart attached to the declaration accurately summarizes the calculations as

6

Mr. Grant describes.

Plaintiff challenges Mr. Grant's calculations on four grounds. First, Mr. Grant used data from the "Columbus, Georgia region" to make the calculations, yet only hotel rooms located within the jurisdiction of the Columbus Consolidate Government are relevant in this case. Second, Mr. Grant uses "7% of Orbitz' room markup plus fees" as the alleged damage amount; however, he provides no explanation as to how he determined the markup and fee revenue number. Third, Mr. Grant projects future damages using an average yearly growth of 15%, yet provides no basis for that rate of growth. Fourth, Plaintiff argues that Mr. Grant's calculations are far too speculative and immeasurable to be considered.

While Mr. Grant's calculations are sufficiently certain and measurable to satisfy an amount in controversy, the Court is not persuaded that Mr. Grant's calculations accurately measure the amount in controversy in this case. Despite having gone to the trouble of obtaining permission from the Court to file their brief and exhibits under seal, Defendants chose not to provide the Court with the actual revenue figures relevant to this case. Instead, Defendants submitted what amounts to a conclusory allegation based on ambiguous calculations. After reviewing the limited information provided by Defendants, the Court is unable to determine whether or not the figures provided include irrelevant data from hotels outside Plaintiff's jurisdiction because Defendants did not define the "Columbus, Georgia region." Likewise, as Defendants did not provide an explanation of

the "room markup plus fees" figure, the Court in unable to determine if the figures include only the difference between the wholesale rate and the retail rate. Moreover, Defendants have provided no basis for a annual fifteen percent growth rate used to calculate future damages. Accordingly, Defendants have not established that an award below the jurisdictional amount is outside the range of possible awards should Plaintiff prevail.

## IV. CONCLUSION

For the forgoing reasons, Defendants have failed to establish federal jurisdiction. Therefore, Plaintiff's Motion to Remand (Doc. 11) is granted and this case is remanded to the Superior Court of Muscogee County, Georgia for lack of subject matter jurisdiction.

**SO ORDERED**, this the 24th day of May, 2007.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs